IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

KENNETH HIGGINS,                        *

    Petitioner,                    *

v.                                          Case No.: GJH-19-1665

                                    *

STATE OF MARYLAND, *et al.*,

    Defendants.                     *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM OPINION**

Petitioner Kenneth Higgins filed this Petition for Writ of Habeas Corpus pursuant to 27 U.S.C. § 2254 challenging his convictions in state court for first degree rape and lesser related offenses. ECF No. 1. Respondents have filed a timely Answer seeking dismissal of the Petition as untimely. ECF No. 5. No hearing is necessary. *See* RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, R. 8(a); *see also* 28 U.S.C. § 2254(e)(2); *Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (stating that a habeas petitioner is not entitled to a hearing). For the following reasons, the Petition is denied and dismissed.

**I.    BACKGROUND**

On March 9, 1988, a jury in the Circuit Court for Montgomery County, Maryland convicted Petitioner of first degree rape and related offenses. ECF No. 5-1 at 14.[1] On May 12, 1988, the Circuit Court imposed a sentence of twenty-five years of incarceration consecutive to a sentence that Petitioner was already serving. *Id.* at 15.

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Petitioner appealed his conviction to the Court of Special Appeals of Maryland, which affirmed the judgment of conviction in an unreported opinion on February 2, 1989. *Id.* at 16. Petitioner did not seek certiorari review from the Court of Appeals of Maryland. ECF No. 1 at 2.

Between 1989 and April 24, 1996, when the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA") took effect and introduced, among other things, a one-year limitations period for federal habeas petitions filed by state prisoners challenging their convictions, Petitioner filed a state post-conviction petition which he later withdrew. ECF No. 5-1 at 17–18. On April 24, 1996, Petitioner had no state post-conviction or other collateral review proceedings pending. He did not initiate any proceedings until three years, two months, and twenty-two days later on July 16, 1999 when he filed a letter with the trial court asking for reconsideration of his sentence, which the court denied on November 23, 1999. *Id.* at 20. Petitioner filed nothing else in his case for more than fourteen years. On February 26, 2014, he filed a motion to vacate his conviction, which was denied on June 5, 2014. *Id.* at 20–21. Thereafter, Petitioner filed a series of other post-conviction motions in the state court. *Id.* at 21–27.

On May 28, 2019, Petitioner filed a Petition for Writ of Habeas Corpus in this Court. ECF No. 1. Respondents filed an Answer on August 3, 2019. ECF No. 5. Petitioner filed a response addressing timeliness on September 10, 2019. ECF No. 7.

## II. DISCUSSION

### A. Timeliness

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi*, 562 U.S. 545, 549 (2011). The one-year limitation period runs from the latest of four dates:

>   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year period begins to run when direct review of the state conviction is completed or when the time for seeking direct review has expired, *see* 28 U.S.C. § 2244(d)(1)(A), unless one of the circumstances enumerated by the statute is present and starts the running of the clock at a later date. *See* 28 U.S.C. § 2244(d)(1)(B)–(D). "The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The one-year period is tolled while properly filed post-conviction proceedings or other collateral review are pending and may otherwise be equitably tolled. *See* 28 U.S.C. § 2244(d)(2); *Wall*, 562 U.S. at 549; *Holland v. Florida*, 560 U.S. 631, 650–51 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). Equitable tolling applies only where there are "extraordinary circumstances." *Holland*, 560 U.S. at 634. Thus, to be entitled to equitable tolling, a petitioner must establish either that some wrongful conduct by the respondent contributed to his delay in filing his motion to vacate or that circumstances beyond his control caused the delay. *See Harris*, 209 F.3d at 330. Equitable tolling is available in "those rare instances where—due to

circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (internal citation and quotation marks omitted). A petitioner is entitled to equitable tolling only if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). However, only "reasonable diligence" is required. *Holland*, 560 U.S. at 653 (internal citation and quotation marks omitted). There is no requirement for "maximum feasible diligence." *Id*. (citation and internal quotation marks omitted).

Under the circumstances here, the date the judgment of conviction became final is the relevant date that triggers the running of the one-year limitations period. In cases such as this where the challenged conviction became final prior to the April 24, 1996, the statutory enactment of AEDPA's one-year limitations period, a one-year grace period applies. *See Brown v. Angelone*, 150 F.3d 370, 371–76 (4th Cir. 1998) (providing a one-year grace period for habeas petitioners whose convictions became final before April 24, 1996); *see also Hernandez v. Caldwell*, 225 F.3d 435, 435–40 (4th Cir. 2000) (holding that for convictions which became final prior to April 24, 1996, the limitations period under 28 U.S.C. § 2244(d) begins to run on April 25, 1996 and expires on April 24, 1997). Consequently, the limitations period for Petitioner's federal habeas petition commenced on April 25, 1996 and expired on April 24, 1997. During this one-year period, Petitioner had no pending state post-conviction proceedings or other properly filed applications for collateral review which would have tolled the limitations period. Accordingly, his federal petition was filed twenty-two years after the limitations period had expired.

Petitioner contends that he should be given the benefit of equitable tolling of the limitations period because (1) he was never notified "by any entities" of AEDPA's enactment; (2) he was in federal custody in New Jersey for several years and was not in contact with the Maryland Office of the Public Defender; (3) his counsel was ineffective for failing to notify him of AEDPA; (4) he did not have access to his legal materials; and (5) when he returned to Maryland, he resumed his efforts to pursue his liberty with due diligence. ECF No. 7. He contends further that AEDPA violates the Ex Post Facto Clause and that he is actually innocent of the crime for which he was convicted. *Id.*

Petitioner essentially attributes his late filing to his lack of familiarity with the law. A petitioner's *pro se* status and lack of knowledge of the law do not constitute extraordinary circumstances to warrant equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004); *see also Cross–Bey v. Gammon*, 322 F.3d 1012, 1215 (8th Cir. 2003) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." (internal quotation marks omitted)); *Felder v. Johnson,* 204 F.3d 168, 171–73 (5th Cir. 2000) (stating that ignorance of the law is not a rare and exceptional circumstance that warrants equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir. 2000) (stating that *pro se* status does not demonstrate sufficient cause for equitable tolling); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (finding equitable tolling is not justified by the fact that the petitioner did not know about AEDPA's time limitation). Thus, these arguments do not entitle Petitioner to equitable tolling.

Petitioner also blames his former counsel for failing to notify him of AEDPA, but he provides no explanation as to why counsel in a criminal proceeding decided eight years earlier was required to do so or why this otherwise hindered timely filing of the Petition. Although

equitable tolling based upon attorney negligence may be available in cases that are more egregious than a "garden variety claim of excusable neglect," *Holland*, 560 U.S. at 651–52, Petitioner alleges no facts to meet this standard.

Even if Petitioner could establish extraordinary circumstances beyond his control, he does not demonstrate with any specificity that he has diligently pursued his claims. Petitioner provides no details as to how his incarceration in a federal correctional facility in New Jersey prevented him from filing his federal petition or what actions he took to pursue his claims during this period. Petitioner fails to demonstrate that he was prevented from filing his federal habeas petition due to extraordinary circumstances beyond his control or that he acted with due diligence necessary for equitable tolling. Accordingly, he provides no basis to apply equitable tolling.

Petitioner next contends that application of the filing deadline to him as a person who committed an offense prior to the passage of AEDPA violates the Ex Post Facto Clause. The United States Constitution provides: "No State shall ... pass any ... ex post facto Law." U.S. Const. Art. I § 10, cl. 1. Intervening procedural changes which operate to a criminal defendant's disadvantage do not violate the Ex Post Facto Clause. *See Beazell v. Ohio*, 269 U.S. 167, 170–71 (1925). Because the enactment of AEDPA "'neither made criminal a theretofore innocent act, nor aggravated a crime previously committed, nor provided a greater punishment, nor changed the proof necessary to convict,' its application to [a petitioner] does not violate the Ex Post Facto Clause." *Seymour v. Walker*, 224 F.3d 542, 560 (6th Cir. 2000) (citation omitted); *see also Ezell v. Boone,* 208 F.3d 225 (Table), 2000 WL 305491, at *2 (10th. Cir. 2000) ("The Ex Post Facto Clause is implicated when a law retroactively alters the definition of a crime or increases the punishment available for that crime . . . . Application of 28 U.S.C. § 2244(d) does neither.").

Specifically, the one-year filing limitation neither retroactively altered the definition of a crime nor increased the punishment for a criminal act. *See Collins v. Youngblood*, 497 U.S. 37, 41–42 (1990). AEDPA did not change the definition of the crimes for which Petitioner was convicted, nor did it increase the punishment for those crimes, so Petitioner's Ex Post Facto Clause argument is without merit.

Finally, the Petition is not saved by an actual innocence exception in accordance with *McQuiggin v. Perkins*, 569 U.S. 383 (2013) because Petitioner has not presented reliable, newly-discovered evidence that was not known at trial to excuse his late filing or to warrant an exception to the filing deadline. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). Accordingly, the Petition must be dismissed as untimely.

### B. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Because the accompanying Order is a final order adverse to the applicant, Petitioner must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1).

Where, as is the case here, a petition is denied on procedural grounds, the Petitioner satisfies the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because

Petitioner has not made the requisite showing, the Court declines to issue a certificate of appealability.[2]

## III. CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus is denied and dismissed as time-barred under 28 U.S.C. § 2244(d). A certificate of appealability shall not issue. A separate Order shall follow.

Date: <u>March 23, 2020</u>   /s/_____
GEORGE J. HAZEL
United States District Judge

---

[2] Petitioner may request a certificate from the United States Court of Appeals for the Fourth Circuit. *See* Fed. R. App. P. 22(b); *Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).